■ In the Matter of STEPHANIE SANG, Respondent, v CORY HODGE, Appellant. [884 NYS2d 883]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (DiDomenico, J.), dated May 16, 2008, which denied his objection to so much of two orders of the same court (Aloni, S.M.), both dated March 27, 2008, as, after a hearing, determined that he willfully violated a court order of support.

Ordered that the order is affirmed, without costs or disbursements.

The appellant father claims that the Family Court erred in denying his objection to so much of the Support Magistrate's orders as, after a hearing, determined that he willfully violated a court order of support, because the Support Magistrate's finding that his failure to pay child support in compliance with a court order of support was willful was unsupported by the evidence. Inasmuch as the Support Magistrate merely, inter alia, continued the child support order, fixed the amount of child support arrears at $4,171.38, and directed the entry of a money judgment, the finding that the father's violation of the court order of support was willful is immaterial (*see generally* Family Ct Act § 454 [2]; [3]). Rather, under these circumstances, we need only determine whether the finding that the father failed to comply with the court order of support was supported by sufficient evidence. The determination that the father failed to pay child support pursuant to the court order of support was based upon sufficient evidence (*see* Family Ct Act § 454 [2]). Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.